UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EDIS RICARDO LOPEZ CASTANEDA,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, et al.,<br><br>Respondents. | Case No.:  26-CV-4002 JLS (GC)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |
| --- | --- |

Presently before the Court is Petitioner Edis Ricardo Lopez Castaneda's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court is Respondents' Return to Petition for a Writ of Habeas Corpus ("Ret.," ECF No. 4).  Petitioner alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Center.  Pet. ¶ 24.  Petitioner alleges that he was previously released from custody on parole in 2023.[1]  *Id.* ¶¶ 21, 26.  Petitioner alleges that his

---

[1] The Court notes that Petitioner did not provide any documentation of his prior parole status. However, Respondents do not argue that Petitioner was not previously released on parole and do not oppose the Petition.  The Court thus deems this fact admitted.

continued detention violates the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 54–57.

Respondents state that Petitioner is subject to mandatory detention under § 1225(b)(2); however, Respondents "acknowledge[] that this Court, and Courts in this District, have repeatedly reached the opposite conclusion under the same and/or similar facts." Ret. at 2 (collecting cases). Respondents therefore "do[] not oppose the [P]etition and defer[] to the Court on the appropriate relief." *Id.* The Court finds that Petitioner is entitled to release. *See, e.g., Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025) (granting release under similar facts); *Tran v. LaRose*, No. 26-CV-2653 JLS (GC), 2026 WL 1303166, at *1–3 (S.D. Cal. May 12, 2026) (same); *Antonio v. LaRose*, No. 26-CV-2387-LL-MMP, 2026 WL 1215037, at *1–3 (S.D. Cal. May 4, 2026) (same).

Accordingly, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting parole. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. The Parties are **ORDERED** to file a Joint Status Report by July 27, 2026, confirming that Petitioner has been released. As this concludes the litigation in this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 20, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-4002 JLS (GC)